# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONTVALE SURGICAL CENTER, LLC a/s/o DANIEL ROSE, <br><br> Plaintiff(s), <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; DISTRICT COUNCIL IRONWORKERS FUND OF NORTHERN NEW JERSEY; ABC CORP. (1-10)(Said names being fictitious and unknown entities), <br><br> Defendant(s). | Civil Action No.: |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon"), improperly identified in the Complaint as "Horizon Blue Cross Blue Shield of New Jersey, Inc.," by its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 28 U.S.C. § 1446 in the Office of the Clerk of the United States District Court for the District of New Jersey, for removal of the above-captioned litigation from the Superior Court of New Jersey, Bergen County, Law Division, Docket No.: L-2491-12 where it is now pending to the United States District Court for the District of New Jersey.

### INTRODUCTION

1. This action was brought against Horizon by Plaintiff Montvale Surgical Center, as assignee of patient Daniel Rose, to recover benefits for services rendered at Montvale Surgical Center. Daniel Rose received health care benefits through a self-funded employee health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et

1

2696617-01

seq. ("ERISA") and administered by Horizon. Among other things, Horizon provides health care benefits and administrative services for beneficiaries of employee benefit plans governed by ERISA. Because Plaintiff seeks to recover benefits due under a self-funded ERISA-governed health benefit plan, this Court may exercise removal jurisdiction over the action.

## PARTIES

2. Plaintiff Montvale Surgical Center, LLC ("MSC") is an outpatient Ambulatory Surgical Center (ASC), with its principal place of business at 6 Chestnut Ridge Road, Montvale, NJ. Plaintiff allegedly performs minimally invasive pain management and podiatry procedures at that location. (Complaint, ¶ 1).

3. Defendant Horizon Blue Cross Blue Shield of New Jersey ("Horizon") is a not-for-profit health services corporation organized and existing under the laws of the State of New Jersey with its principal place of business located at 3 Penn Plaza East, Newark, New Jersey. Horizon, among other things, provides health benefits and administers benefits for participants and beneficiaries of employee benefit plans governed by ERISA.

## PROCEEDINGS TO DATE

### A. Plaintiff's Complaint

4. On March 7, 2012, Plaintiff filed a complaint styled Montvale Surgical Center a/s/o Daniel Rose v. Horizon Blue Cross Blue Shield of New Jersey, et als., Docket No.: L-2491-12 in the New Jersey State Court, Law Division, Bergen County. (A copy of Plaintiff's Complaint is attached hereto as Exhibit "A").

5. On or after April 10, 2012, Plaintiff issued a Summons. (A copy of the Summons is attached hereto as Exhibit "B.")

2696617-01

6. The complaint filed by Plaintiff seeks to recover benefits for services rendered to Daniel Rose, pursuant to a self-funded employee benefit plan governed by ERISA and is a claim for benefits within the meaning of Section 502(a) of ERISA, 29 U.S.C. § 1132(a).

7. Although the complaint refers to various state laws, Plaintiff's claim for benefits is not subject to state law and can only be brought under ERISA because Daniel Rose receives health benefits under a self-funded employee benefit plan. See FMC Corp. v. Holliday, 498 U.S. 52, 60, 111 S. Ct. 403, 409 (1990).

## TIMELINESS

8. On April 13, 2012, Horizon first received a copy of the Complaint.

9. Horizon timely filed this Notice of Removal within thirty (30) days of its receipt of the Summons and Complaint as required by 28 U.S.C. §1446(b).

## GROUNDS FOR REMOVAL

10. Plaintiff, as a purported assignee of a plan beneficiary and a third party beneficiary of the benefit plan, seeks to recover benefits from Horizon under the terms of a self-funded employee benefit plan governed by ERISA, for services rendered in the amount of $27,654.

11. Plaintiff does not allege that it has any contract or other agreement with Horizon.

12. Because Plaintiff seeks payment of benefits under a self-funded ERISA plan, it may only bring its claim under this self-funded employee benefit plan as a claim for benefits under Section 502(a) of ERISA, 29 U.S.C. § 1132(a). Any state law claim for benefits relating to Daniel Rose is completely preempted. Holliday, 498 U.S. at 60, 111 S. Ct. at 409.

13. Plaintiff's claim for benefits, as a matter of federal law, is governed by the terms and conditions of ERISA and therefore falls within the ambit of this Court's original federal question jurisdiction. See Egelhoff v. Egelhoff, 532 U.S. 141, 147-48 (2001)(terms and

3

2696617-01

conditions of payment and administration of payment are, as a matter of federal law, governed exclusively by ERISA plans.)

14. It is well-settled that the "carefully integrated civil enforcement provisions" in ERISA Section 502 were "intended to be exclusive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)(internal quotation marks omitted). Indeed the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). The U.S. Supreme Court accordingly has instructed that any state-law claims that seek to collect benefits under the terms of ERISA plans must be recharacterized as benefits claims under Section 502(a) of ERISA, and that such claims give rise to removal jurisdiction no matter how Plaintiff characterizes those claims. Id., at 65 (preemptive force of ERISA operates to "convert[]" ordinary state-law claims into federal claims for purposes of the well-pleaded complaint rule); Wood v. Prudential Ins. Co. of Am., 207 F.3d 674, 678 (3d Cir. 2000), cert. denied, 531 U.S. 927 (2000)("[c]omplete preemption is an exception to the well-pleaded complaint rule" and "does not depend on any type of relief requested in the complaint"); Parrino v. FHP, Inc., 146 F.3d 699, 704 (9th Cir. 1998)(complete preemption doctrine empowers courts to "look beyond the face of the complaint").

15. The present lawsuit is removable from state court to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1331 and § 1441(a), (b) and (c).

## VENUE

16. Plaintiff's action is pending in the Superior Court of New Jersey, Law Division, Bergen County, New Jersey, which is within this judicial district. See 28 U.S.C. § 110. This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a) & 1445(a).

4

2696617-01

## NOTICE

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff. (A copy of the Notice of Removal will be filed with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division in the form attached hereto as Exhibit "C").

## SUPPLEMENTAL JURISDICTION

18. To the extent that any of Plaintiff's claims do not relate to the denial of benefits under ERISA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367 and 1441(c).

## **CONCLUSION**

For the foregoing reasons, Defendant Horizon Blue Cross Blue Shield of New Jersey, respectfully demands that this action, previously pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

CONNELL FOLEY LLP
Liberty View
457 Haddonfield Rd., Ste. 230
Cherry Hill, NJ 08002
(856) 317-7100

*Attorneys for Defendant*
*Horizon Blue Cross Blue Shield of New*
*Jersey*

BY: _____
       Matthew A. Baker, Esquire

DATE: May 11, 2012

## CERTIFICATE OF SERVICE

I, Randi Vuich, of full age, hereby certify that the original of the within Notice of Removal has been filed with the Clerk, United States District Court for the District of New Jersey, via electronic filing, and that a copy of the within pleading has been served this date, via overnight delivery, upon:

> Massood & Bronsnick, LLC
> 50 Packanack Lake Rd. East
> Wayne, NJ 07470
> *Attorneys for Plaintiff*

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

_____
Randi Vuich